# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel. | ) | |
| TONY A. ROLFE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 11 C 3509 |
| | ) | |
| MARCUS HARDY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Tony A. Rolfe's (Rolfe) *pro se*
petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254.
For the reasons stated below, the court denies the Petition.

## BACKGROUND

Rolfe was convicted in Illinois state court in a jury trial of first-degree murder
and was sentenced to fifty years in prison. The record reflects that the mother of the
victim came home to find the victim in a pool of blood with over fifty stab wounds.
(Ex. C 2-3). Rolfe appealed the conviction, and on May 5, 2008, the Illinois

Appellate Court affirmed the conviction. Rolfe filed a petition for leave to appeal to the Illinois Supreme Court (PLA), which was denied on September 24, 2008.

On January 9, 2008, Rolfe filed a post-conviction petition, and the trial court denied the petition. Rolfe appealed the denial, and on August 23, 2010, the Illinois Appellate Court affirmed the denial. Rolfe then filed a PLA on his post-conviction appeal, which was denied on January 26, 2011. On May 25, 2011, Rolfe filed the Petition in this action.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently

than [the Supreme Court has] done on a set of materially indistinguishable facts.'"

*Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S.

685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable

application of clearly established federal law "'"if the state court correctly identifies

the governing legal principle from [Supreme Court] decisions but unreasonably

applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting

*Bell*, 535 U.S. at 694).

## DISCUSSION

This court has liberally construed Rolfe's *pro se* filings. *See Perruquet v.*

*Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without

counsel in the district court, his habeas petition is entitled to a liberal construction");

*Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir.

2001)(indicating that a court should "liberally construe the pleadings of individuals

who proceed *pro se"*). Rolfe asserts the following claims in the Petition: (1) that

Rolfe's due process and equal protection rights were violated because he was

convicted of murder but was tried under an accountability theory relating to his

participation in a robbery (Claim 1), (2) that Rolfe's trial counsel was ineffective for

failing to object to what Rolfe deemed to be a constructive amendment of the

indictment to include a robbery charge (Claim 2), (3) that Rolfe's trial counsel was

ineffective for failing to file a post-trial motion on the issue of a fatal variance (Claim

3), (4) that the trial court erred in denying Rolfe's motion to suppress evidence

obtained from his tennis shoes because, according to Rolfe, he did not consent to the

seizure of the shoes (Claim 4), (5) that the trial court erred in not granting Rolfe's

motion to suppress a witness identification because, according to Rolfe, a suggestive

identification procedure was used (Claim 5), (6) that the trial court abused its

discretion in sentencing Rolfe to fifty years imprisonment (Claim 6), and (7) that

Rolfe's appellate counsel on direct appeal was ineffective because he did not present

certain arguments relating to the ineffectiveness of trial counsel (Claim 7).


I. Claim 1

Respondent argues that Rolfe cannot prevail on the merits on Claim 1. As

indicated above, Rolfe argues in Claim 1 that Rolfe's due process and equal

protection rights were violated because he was convicted of murder but was tried

under an accountability theory relating to his participation in a robbery. Under the

Fourteenth Amendment, a criminal defendant in state court has "the fundamental

right to be informed of the nature and cause of the charges made against him so as to

permit adequate preparation of a defense." *Kaczmarek v. Rednour*, 627 F.3d 586,

596 (7th Cir. 2010). The due process clause also protects an individual from conviction of a crime "'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. . . .'" *Sanders v. Cotton*, 398 F.3d 572, 581 (7th Cir. 2005)(quoting *In re Winship,* 397 U.S. 358, 364 (1970)).

Under Illinois law, "accountability is not a separate offense but merely an alternative manner of proving a defendant guilty of the substantive offense." *People v. Doss*, 426 N.E.2d 324, 327 (Ill. App. Ct. 1981). An individual can be convicted under an accountability theory if the state establishes "beyond a reasonable doubt that: (1) defendant solicited, ordered, abetted, agreed or attempted to aid another in the planning or commission of the crime; (2) defendant's participation took place before or during the commission of the crime; and (3) the defendant had the concurrent intent to promote or facilitate the commission of the crime." *People v. Garrett*, 928 N.E.2d 531, 535 (Ill. App. Ct. 2010). Rolfe was charged as a principal in a murder, but that did not prevent him from being convicted under an accountability theory. *See Doss*, 426 N.E.2d at 327 (stating that "a person charged as a principal can be convicted upon evidence showing that he was in fact only an aider or abetter"). The record reflects that the jury in Rolfe's case was properly provided with instructions that included an accountability theory instruction. (Ex. G 2). Rolfe has not shown in regard to Claim 1 that the Illinois Appellate Court's decision

affirming the trial court was contrary to or involved an unreasonable application of clearly established federal law.  Nor has Rolfe shown that the Illinois Appellate Court's decision was based upon an unreasonable determination of the facts.  The record reflects that there was ample evidence to convict Rolfe of first-degree murder.

In addition, the court notes that even if Rolfe could show that there were any deficiencies in the charging instrument, he would not be entitled to habeas relief if the deficiencies did not prejudice the outcome of Rolfe's trial.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  In this case, the record does not reflect that any potential error would be other than a harmless error.  Therefore, Claim 1 fails on the merits.

II.  Claims 2, 3, and 7

Respondent argues that Claims 2 and 3 are procedurally defaulted. Additionally, a review of the record shows that Claim 7 is procedurally defaulted as well.  As indicated above, in Claim 2 Rolfe argues that his trial counsel was ineffective for failing to object to what Rolfe deemed to be a constructive amendment of the indictment to include a robbery charge, and in Claim 3 Rolfe argues that his trial counsel was ineffective for failing to file a post-trial motion on

the issue of a fatal variance. In Claim 7 Rolfe argues that his appellate counsel on direct appeal was ineffective because he did not present certain arguments relating to the ineffectiveness of trial counsel.

## A. Procedural Default

Respondent contends that Rolfe failed to raise Claims 2 or 3 through one complete round of the state appellate process. In addition, based on the record it appears that Rolfe also failed to raise Claim 7 through one complete round of the state appellate process. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes,* 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review" and that "[t]he penalty for failing to fully and fairly present []

arguments to the state court is procedural default"). A petitioner, in exhausting his

state court remedies, has "'the duty to fairly present his federal claims to the state

courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the

petitioner . . . assert[ing] his federal claim through one complete round of state-court

review, either on direct appeal of his conviction or in post-conviction

proceedings'")(quoting *Lewis*, 390 F.3d at 1025). In addition, "[w]hen a state court

denies a prisoner relief on a question of federal law and bases its decision on a state

procedural ground that is independent of the federal question, the federal question is

procedurally defaulted." *Lee v. Davis*, 328 F.3d 896, 899-900 (7th Cir. 2003).

In Rolfe's PLA on direct appeal, Rolfe argued: (1) that the witness

identification of Rolfe should have been suppressed, (2) that the seizure of Rolfe's

tennis shoes should have been suppressed, and (3) that the trial court abused its

discretion in sentencing Rolfe to 50 years. (Ex. D 13, 18, 22). Thus, the record

reflects that Rolfe failed to raise Claims 2 or 3 in his PLA on direct appeal. In

Rolfe's PLA on his post-conviction petition appeal, Rolfe argued (1) that the

prosecution improperly used his participation in a robbery to convict him of murder

without charging him for robbery (Ex. H 5-6), and (2) that the trial court abused its

discretion by allowing an improper constructive amendment. (Ex. H 7).

In Rolfe's PLA on his post-conviction petition appeal, Rolfe did state in a

conclusory manner that his trial and appellate counsel were ineffective.  However,

Rolfe failed to provide any details explaining his ineffective assistance of counsel

claims.  (Ex. H 3).  In the habeas context, a petitioner is deemed to have fully and

fairly presented an argument to a state court only if the petitioner "articulat[ed] both

the operative facts and applicable law. . . ."  *Johnson*, 574 F.3d at 431; *see also*

*Byers*, 610 F.3d at 985 (stating that "[a] petitioner must fairly present his federal

claims to the state courts by arguing both the law and the facts underlying them").

Thus, Rolfe's arguments that his trial and appellate counsel were ineffective were not

fully and fairly presented in his PLA on his post-conviction petition appeal.  Based

on the above, Rolfe failed to raise Claims 2, 3, or 7 in his post-conviction appeal.

Therefore, Claims 2, 3, and 7 are procedurally defaulted.


    B.  Lack of Justification to Excuse Defaults

    Respondent argues that there are no facts in this case that provide a

justification to excuse the defaults.  A procedurally defaulted claim can still be

considered by a district court "if a petitioner can show cause and prejudice or a

fundamental miscarriage of justice."  *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir.

2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that

"[a] federal court on collateral review will not entertain a procedurally defaulted

constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice").

In the instant action, Rolfe has not provided facts showing that he was prevented from presenting his claims in a manner that would have avoided the procedural default. Rolfe has not shown cause and prejudice. Nor has Rolfe shown actual innocence or a fundamental miscarriage of justice to excuse the procedural defaults. Finally, the court notes that even if Claims 2, 3, or 7 were not procedurally defaulted or the default could be excused, Rolfe has not shown that the claims have any merit.

III.  Claim 4

Respondent argues that Claim 4 is barred because Rolfe was provided a full

and fair opportunity to present the claim in state court.  As indicated above, Rolfe

argues in Claim 4 that the trial court erred in denying Rolfe's motion to suppress

evidence obtained from his tennis shoes because, according to Rolfe, he did not

consent to the seizure of the shoes.  A petitioner is barred from presenting a habeas

claim based upon a violation of the Fourth Amendment if the "petitioner enjoyed an

'opportunity for full and fair litigation of a Fourth Amendment claim' in state court

. . . ."  *Miranda v. Leibach*, 394 F.3d 984, 997 (7th Cir. 2005)(quoting in part *Stone*

*v. Powell*, 428 U.S. 465, 481–82 (1976)).  A habeas petitioner is deemed to have

been provided "such an opportunity so long as (1) he clearly apprised the state court

of his Fourth Amendment claim along with the factual basis for that claim, (2) the

state court carefully and thoroughly analyzed the facts, and (3) the court applied the

proper constitutional case law to those facts."  *Id.*

The record reflects that the Rolfe objected before the trial court to the

admission of the tennis shoes and filed a motion to suppress.  (Ex. C 16, 19).  The

record also reflects that the trial court denied the motion to suppress.  (Ex. C 16, 19).

The record further reflects that the trial court based the admission of the tennis shoes

primarily on the trial court's evaluation of the credibility of certain witnesses,

11

believing certain witnesses and disbelieving other witnesses. (Ex. C 19-20). In addition, the Illinois Appellate Court on direct appeal specifically addressed the admission of the tennis shoes, concluding that the trial court's credibility determinations were entitled to deference. (Ex. C 19-21). Thus, the record reflects that Rolfe was provided with an opportunity for the full and fair litigation of Claim 4, and Rolfe is therefore barred from pursuing the claim in the instant Petition.

IV. Claim 5

Respondent argues that Rolfe cannot prevail on the merits on Claim 5. As indicated above, Rolfe argues in Claim 5 that the trial court erred in not granting Rolfe's motion to suppress a witness identification because, according to Rolfe. a suggestive photo array was used. An accused's due process rights are violated by a photographic identification procedure used by police if the procedure "'was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" *United States v. Williams*, 522 F.3d 809, 810 (7th Cir. 2008)(quoting *Simmons v. United States,* 390 U.S. 377, 384 (1968), and citing *Neil v. Biggers,* 409 U.S. 188, 198 (1972)). The record reflects that witnesses were presented two photo arrays and a physical lineup, which all included Rolfe. Rolfe contends that the overall identification procedure was suggestive, because he was the

only individual included in both photo arrays and the physical lineup. However, an

identification procedure is not deemed to be impermissibly suggestive simply

because an accused is the only individual that appears in multiple photo or physical

lineups. *See United States v. Harris*, 281 F.3d 667, 670 (7th Cir. 2002)(stating that

"there is nothing *per se* impermissible about placing the same suspect in two

different identification procedures"). The record reflects that the Illinois courts made

a detailed analysis of the photo arrays and physical lineup and properly concluded

that there was nothing impermissibly suggestive in the identification process used in

Rolfe's case. (Ex. C 15-16). Rolfe has not shown in regard to Claim 5 that there

was a decision that was contrary to or involved an unreasonable application of

clearly established federal law. Nor has Rolfe shown that there was a decision based

upon an unreasonable determination of the facts. Therefore, Claim 5 fails on the

merits.


V.  Claim 6

Respondent argues that Claim 6 is not a cognizable *habeas* claim since it was

decided based solely on state law. As indicated above, Rolfe argues in Claim 6 that

the trial court abused its discretion in sentencing Rolfe to fifty years imprisonment.

However, the trial court determined the appropriate sentence for Rolfe based on state

law.  (Ex. C 22-25, 27).  Thus, Claim 6 is not a cognizable issue to raise in habeas proceedings.  *See Corcoran v. Wilson*, 651 F.3d 611, 613 (7th Cir. 2011)(quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) for the proposition that "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").  It is possible for an egregious error in the application of state law to rise to the level of a constitutional violation.  *Id.*  However, Rolfe has not shown that any error of state law occurred, much less an error that would rise to the level of a constitutional violation.  *Id.*  Therefore, Claim 6 is not a cognizable *habeas* claim.  Further, to the extent that a constitutional claim could relate to state law, Claim 6 fails on the merits.  Therefore, based on the above, the Petition is denied.

### CONCLUSION

Based on the foregoing analysis, the Petition is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   January 9, 2012

14